IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

WALTER BRYANT,
No. B-24993,

        Petitioner,

vs.                                    CIVIL NO. 14-CV-01380-DRH

WARDEN GOSSETT,

        Respondent.

**MEMORANDUM AND ORDER**

**HERNDON, District Judge:**

    Petitioner Walter Bryant is an inmate in Illinois River Correctional Center. He is now before the Court pursuant to 28 U.S.C. § 2254, seeking a writ of habeas corpus aimed at upsetting his 1998 conviction in Marion County, Illinois, for attempted murder in the first degree. A specific case number is not stated in the petition and public records are not readily available.

    In the absence of any procedural records, at this juncture it appears that the petition is filed outside the one-year statute of limitations prescribed by 28 U.S.C. § 2244(d)(1). In order to overcome this procedural bar, Bryant relies upon *McQuiggin v. Perkins*, __U.S.__, 133 S.Ct. 1924 (2013), wherein the Supreme Court held that actual innocence—a fundamental miscarriage of justice—is grounds for overriding a procedural bar such as the statute of limitations.

    Bryant contends that he was denied his constitutional right to due process by the ineffective assistance of his counsel. More specifically, he contends:

1. Counsel never informed Bryant that he was subject to an extended term sentence;

2. Bryant did not knowingly and intelligently waive his right to a jury trial; and

3. Bryant was not afforded a sentencing hearing relative to the imposition of an extended term sentence and the necessary predicate aggravating circumstances.

Actual innocence or "the fundamental miscarriage of justice exception, is grounded in the 'equitable discretion' of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons." *Herrera v. Collins,* 506 U.S. 390, 404–05, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993). As the Supreme Court has cautioned that tenable actual-innocence gateway pleas are rare. *McQuiggin,* 133 S.Ct. at 1928.

Although the Court is extremely skeptical of the merit of the petition, there is insufficient information before the Court upon which to conclude that dismissal at this preliminary stage pursuant to Rule 4 is appropriate. Therefore, Respondent Bryant will be required to respond or otherwise plead, thus ensuring that the proper records are before the Court.

**IT IS HEREBY ORDERED** that Respondent shall answer the petition or otherwise plead within thirty days of the date this order is entered. This preliminary order to respond does not, of course, preclude the State from making whatever waiver, exhaustion or timeliness it may wish to present. Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois 60601 shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral*.

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**January 5, 2015**

Digitally signed by David R. Herndon
Date: 2015.01.05 10:45:48 -06'00'

**United States District Judge**

