IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**WALTER BRYANT,**

        **Petitioner,**

vs.                                                                            Civil No. 14-cv-1380-DRH-CJP

**GREG GOSSETT,**

        **Respondent.**

## **MEMORANDUM AND ORDER**

**HERNDON, District Judge:**

Petitioner, Walter Bryant, was convicted of attempted first-degree murder after a bench trial in Marion County, Illinois, in 1998. He was sentenced to fifty years imprisonment based on the court's determination that the crime was exceptionally brutal, heinous, and indicative of wanton cruelty.

In October 2014, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 (Doc. 1), raising the following grounds:

1. Trial counsel was ineffective for failing to inform petitioner that he was subject to an extended-term sentence.

2. Petitioner's due process rights were violated because he did not knowingly and intelligently waive his right to a jury trial.

3. Petitioner did not receive a sentencing hearing regarding the imposition of an extended-term sentence or concerning aggravating or mitigating factors.

This matter is now before the Court on respondent's Motion to Dismiss Habeas Petition as Time-Barred (Doc. 16). Petitioner responded to the motion (Doc. 18).

1

### Relevant Facts

**1. Facts of the Crime**

The Appellate Court, Fifth District, issued Rule 23 orders on both direct appeal and appeal from the dismissal of petitioner's post-conviction petition. The following summary is taken from the direct appeal order. Doc. 16, Ex. B.

In the evening of July 18, 1997, the victim rode his bicycle through petitioner's neighborhood and asked petitioner a question. Petitioner struck the victim in the face causing him to fall from his bicycle onto the pavement. Petitioner kicked the victim in the head approximately thirty times and stomped on his head. Petitioner then went to a nearby home and came back with two feet of pipe which he used to beat the victim in the face. After the pipe broke, petitioner retrieved a pellet gun and shot the victim in the head a number of times. Eight pellets remained in the victim's head, one in each of his optical orbits, five in his face, and one in the side of his head.

The chevron pattern on the soles of petitioner's sneakers was similar to the chevron pattern impressed on the victim's neck. However, the State was unable to definitively state petitioner's shoes were the ones that made the mark on the victim's neck. The prolonged beating caused the victim to enter a persistent vegetative state. He is unable to feed himself, sit up, stand, or walk. He can answer simple questions but has no memory and cannot recall the past or store information from the present for retrieval.

In July 1998, after a bench trial in the Circuit Court of Marion County, Illinois,

petitioner was convicted of attempted first degree murder. At the sentencing hearing in August 1998 the court stated, "I first find that his offense, pursuant to statute, is extremely brutal and heinous and is indicative of wanton cruelty and thereby making you eligible, Mr. Bryant, for an extended term sentence." The court imposed an extended-term prison sentence of fifty years imprisonment for the class X offense of attempted first degree murder.

**2. Facts Relevant to Timeliness**

On March 21, 2000, the state appellate court affirmed petitioner's conviction and sentence (Doc. 16, Ex. B). Petitioner did not file a petition for leave to appeal (PLA) this judgment in the state supreme court. In April 2001, petitioner filed a pro se postconviction petition (Doc. 16, Ex. A, p. 10; Ex. C, P. 2). The state trial court dismissed the petition and the state appellate court affirmed the dismissal (Doc. 16, Ex. A, p. 13; Ex. C). The state supreme court denied the resulting PLA on October 7, 2003 (Doc. 16, Ex. D). In March 2004, the United States Supreme Court denied petitioner's petition for a writ of certiorari (Doc. 16, Ex. E).

## Applicable Legal Standards

28 U.S.C. § 2244 creates a one-year limitation period for filing a petition for writ of habeas corpus. Under 28 U.S.C. § 2244(d)(1), a person convicted in state court must file his federal habeas petition within one year of the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The one-year statute of limitations is tolled during the pendency of a "properly-filed" state postconviction petition. 28 U.S.C. § 2244(d)(2). The one-year statute of limitations is also "subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). Equitable tolling applies only where the petitioner shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 130 S. Ct. at 2562, citing *Pace v. DiGuglielmo,* 125 S. Ct. 1807, 1814 (2005). The Supreme Court has emphasized that "the circumstances of a case must be 'extraordinary' before equitable tolling can be applied." *Holland*, 130 S. Ct. at 2564.

## Analysis

Petitioner does not claim that his habeas claim arises out of newly-discovered facts or a newly-recognized constitutional right, or that the state created an impediment to filing. Therefore, §2244(d)(1)(A) applies, and the one-year limitations period began to run when his conviction became final upon expiration of the time for seeking direct review.

Petitioner's conviction was affirmed by the state appellate court on March 21, 2000 (Doc. 16, Ex. B). Petitioner did not file a PLA on that order and his

judgment became final when the time period when petitioner could have filed a PLA expired. Per Illinois Supreme Court Rule 315(b) in effect at that time, petitioner had twenty-one days from the date of the appellate court order to file either a PLA or an affidavit of intent to file, which would grant him fourteen additional days to file the PLA. Since petitioner did neither, his conviction became final twenty-one days after March 21, 2000, on April 11, 2000. A timely §2254 petition was due one year later on April 11, 2001. As petitioner did not file his §2254 until October 7, 2014 his petition is untimely unless statutory or equitable tolling applies.

Under 28 U.S.C. §2244(d)(2), the one-year limitations period is tolled during the pendency of a "properly filed" application for postconviction relief. Petitioner filed his postconviction petition on April 12, 2001(Doc. 16, Ex. C, p. 2). At that point, the statute of limitations was expired and the petition did not toll or restart the limitations period. *DeJesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009). However, even if petitioner's petition had a tolling effect, his postconviction review ended on October 7, 2003 when his PLA was denied by the state supreme court (Doc. 16, Ex. D). Petitioner's §2254 petition was filed more than a decade later and was untimely unless equitable tolling applies.

As stated above, in order for equitable tolling to be appropriate petitioner must show he was pursuing his rights diligently and some extraordinary circumstance stood in his way. *Holland*, 130 S. Ct. at 2562. Petitioner presented no evidence that either prong of the *Holland* standard was met, let alone both. Additionally,

petitioner bears the burden of showing that he is entitled to equitable tolling. *Taylor v. Michael*, 724 F.3d 806, 810 (7th Cir. 2013). He has not made any attempt to make such a showing. Neither his petition nor his reply, Doc. 18, addresses the timeliness issue in any meaningful way.

However, petitioner attempts to advance a claim of actual innocence so as to come within the rule of *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013) and avoid the limitations period. A credible claim of actual innocence "requires petitioner to support his allegations of constitutional error with new reliable evidence— whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 115 S. Ct. at 865.

Petitioner's claim of actual innocence is ineffective. First, he does not claim he is actually innocent of the attempted murder, but rather his sentence and jury waiver were invalid. Second, petitioner provides no new evidence regarding his innocence. Actually, petitioner fails to cite any evidence regarding his guilt or innocence. He broadly states he was not warned that he faced an extended-term sentence and his Constitutional rights were violated as a result (Doc. 1, Doc 18). As respondent notes, this assertion is not new evidence that he is innocent but concerns only the length of his sentence (Doc. 16, p. 7). As a result, he has not advanced a legitimate claim of actual innocence so as to come within the rule of *McQuiggin*. 133 S. Ct. 1924 (2013).

## **Certificate of Appealability**

Pursuant to Rule 11 of the Rules Governing §2254 Cases in the United States District Courts, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate should be issued only where the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2).

Where a habeas petition is dismissed on procedural grounds without reaching the underlying constitutional issue, the petitioner must show that reasonable jurists would "find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 120 S. Ct. 1595, 1604 (2000). Both components must be established for a Certificate of Appealability to be issued.

Here, it is apparent that Bryant's petition is time-barred. No reasonable jurist would find this issue debatable. Accordingly, the Court denies a certificate of appealability.

### Conclusion

Respondent's Motion to Dismiss Habeas Petition as Time-Barred (Doc. 16) is **GRANTED**.

This action is **DISMISSED WITH PREJUDICE.** The Clerk of Court shall enter judgment accordingly.

**IT IS SO ORDERED.**

Signed this 29rd day of June, 2015.

Digitally signed by David R. Herndon
Date: 2015.06.29 15:21:02 -04'00'

United States District Court